[Civ. No. 3651. Fourth Dist. July 28, 1947.]

PAUL A. PORTER, as Administrator (Office of Price Administration), Respondent, v. GEORGE BESELER, Appellant.

Ray Miller for Appellant.

David London, Director, Litigation Division; Austin Clapp, Regional Enforcement Executive; William B. Wetherall, Regional Litigation Attorney; Cecil F. Poole, Chief, Briefing and Appellate Unit, Office of Price Administration, for Respondent.

BARNARD, P. J.—This action was one for an injunction and for the recovery of damages pursuant to section 205 of the Emergency Price Control Act of 1942, as amended [56 Stats. 23; 50 U.S.C.A.App. § 925]. The complaint alleged that the defendant violated the provisions of this act by selling certain used motorcycles and a motor scooter at prices in excess of those permitted by the Maximum Price Regulations issued pursuant to the act.

The cause was tried before a jury and, so far as material here, verdicts were returned in favor of the plaintiff on five of the causes of action set up in the complaint, assessing damages with respect to each cause within the range provided by the act. In connection with a motion for a new trial the court approved the respective amounts of damage fixed by the jury, and the defendant has appealed from the judgment which followed.

 It is first contended that the court erred in refusing to permit the appellant to introduce in evidence certain of his books of account. It is argued that the records thus excluded would have disclosed the cost to the appellant of the various articles which he sold at an excessive price. It is further argued that this evidence, while not material as tending to prove or disprove a violation of the terms of the act, was material because the jury might have been inclined to fix smaller damages in instances where the appellant had made a smaller profit.

In each instance the court admitted the appellant's book of original entry and it appears from the testimony of a witness for the appellant that the evidence which was rejected

consisted of accounts which were not original entries. Most of the offered evidence was cumulative, at best, and no offer of proof was made to indicate that the evidence was material, its materiality not being obvious at the time an objection was made to its introduction. Moreover, the evidence was not material for the purpose suggested by the appellant. The illegality of appellant's acts consisted in selling above the established prices and not in whether or not he made any profit on the transactions. There was ample evidence that in each instance he purposely kept accounts which reflected a selling price considerably below the price at which the property was sold. The excess of the actual selling price over the established price clearly appears in each instance. The intentional violation of the law, and the amounts of the excess prices collected were the proper elements to guide the jury in determining the amounts of damages that should be allowed, and any questions as to whether the appellant made a profit on the transaction, or the amount of any such profit, was immaterial. No error appears in this connection.

It is next contended that the trial court, as to one transaction, invaded the province of the jury by an instruction which told them that certain things were established as facts. This contention is without merit. In the instruction in question the jury was told that under the terms of the act the overcharge on the price of a commodity related to the purchase price which the purchaser had agreed to pay, and was not controlled by the fact that the full purchase price had not yet been paid. In the criticized portion of the instruction the court stated that it appeared from the testimony that a certain sum had been paid on account of the purchase price of this motorcycle and that this sum was less than the full purchase price which the purchaser had agreed to pay. This was in accordance with the record and was merely preliminary to the matter with which the instruction was concerned. In the pertinent and material part of the instruction the court clearly told the jury that it should find certain things only in the event it found certain other things to be true.

The only other point raised is that the evidence does not support the verdict and judgment with respect to one of the causes of action, being the sale of a certain motorcycle. In this connection, it is argued that the ceiling price of this motorcycle was $332 and not $308, as impliedly found by the jury. The matter giving rise to this contention relates to

a conflict in the evidence with respect to the identity of the motorcycle which was sold in this instance, that is, as to whether it was one of a certain model or one of a different model with a more powerful engine. Not only is there a conflict in the evidence on this matter but a conflict appears in this regard in the testimony of the appellant's own witness, a part of which sustains the implied finding of the jury. The evidence, while conflicting, is sufficient to support the verdict and judgment on this cause of action.

The judgment is affirmed.

Marks, J., concurred.